Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Braintree Laboratories, Inc.
and Sebela US Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRAINTREE LABORATORIES, INC., and
SEBELA US INC.,

    Plaintiffs,

  v.

HETERO USA, INC., HETERO LABS
LIMITED, HETERO LABS LIMITED,
VEMAGAL,

    Defendants.

Civil Action No.

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Braintree Laboratories, Inc. ("Braintree") and Sebela US Inc. (collectively, "Plaintiffs"), bring this Complaint for Patent Infringement against Defendants Hetero USA, Inc., Hetero Labs Limited, and Hetero Labs Limited, Vemagal (collectively, "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

1.    This is an action for infringement of U.S. Patent Nos. 10,143,656 (the "'656 Patent"), 11,033,498 (the "'498 Patent"), 11,382,864 (the "'864 Patent"), and 11,638,697 (the "'697 Patent") (collectively, "the Asserted Patents"), arising under the patent laws of the United States,

Title 35, United States Code, 35 U.S.C. § 100, *et seq.* This action relates to Abbreviated New Drug Application ("ANDA") No. 220421 filed or caused to be filed by Defendants with the U.S. Food and Drug Administration ("FDA") and seeking approval to market a generic version of Braintree's SUTAB® drug product.

## PARTIES

2.   Braintree is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 60 Columbian Street West, Braintree, Massachusetts 02184.

3.   Sebela US Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 645 Hembree Parkway, Roswell, Georgia 30076. Sebela US Inc. is a parent company of Braintree.

4.   Upon information and belief, Defendant Hetero USA Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1035 Centennial Ave, Piscataway, NJ, 08854.

5.   Upon information and belief, Defendant Hetero Labs Limited, Vemagal, is a division of Hetero Labs Limited, organized and existing under the laws of India.

6.   Upon information and belief, Defendant Hetero Labs Limited is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Andhra Pradesh, India.

7.   Upon information and belief, following any FDA approval of ANDA No. 220421, Defendants will make, use, offer to sell, and/or sell the proposed generic drug product that is the subject of ANDA No. 220421 throughout the United States, and/or import such generic drug product into the United States.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

9. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, this Court has personal jurisdiction over Defendants.

10. This Court has personal jurisdiction over Hetero USA Inc. because, upon information and belief, Hetero USA Inc. regularly does business in New Jersey and has engaged in a persistent course of conduct within New Jersey by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including New Jersey, and/or by directly selling pharmaceutical products in New Jersey. On information and belief, Hetero USA Inc. has a regular and established place of business in Piscataway, New Jersey, and is registered with the state of New Jersey's Department of Health as a drug wholesaler under Registration No. 5004050.

11. This Court has personal jurisdiction over Hetero Labs Limited, Vemagal, because, upon information and belief, Hetero Labs Limited, Vemagal, regularly does business in New Jersey and has engaged in a persistent course of conduct within New Jersey by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including New Jersey, and/or by directly selling pharmaceutical products in New Jersey. Upon information and belief, Hetero Labs Limited, Vemagal, is a division of defendant Hetero Labs Limited and acts at the direction, and for the benefit of, Hetero Labs Limited, and is controlled and/or dominated by Hetero Labs Limited. Upon information and belief, Hetero Labs Limited, Vemagal, and Hetero Labs Limited operate as a single, integrated business.

12. This Court has personal jurisdiction over Hetero Labs Limited because, upon information and belief, Hetero Labs Limited regularly does business in New Jersey and has engaged in a persistent course of conduct within New Jersey by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including New Jersey, and/or by directly selling pharmaceutical products in New Jersey.

13. Upon information and belief, Defendants acted collaboratively in the preparation and submission of ANDA No. 220421 to the FDA. Upon information and believe, Hetero USA Inc. filed ANDA No. 220421 with the FDA on behalf of itself, Hetero Labs Limited, Vemagal, and Hetero Labs Limited.

14. Upon information and belief, Defendants will manufacture, market, and/or sell within the United States the generic version of Braintree's SUTAB® drug product described in ANDA No. 220421 if approved by the FDA. If ANDA No. 220421 is approved, the generic version of Braintree's SUTAB® charged with infringing the Asserted Patents would, upon information and belief, among other things, be marketed and distributed in New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located in New Jersey, and/or used by persons in New Jersey, all of which would have a substantial effect on New Jersey.

15. Braintree enjoys sales in New Jersey of its SUTAB® drug product, which is covered by the claims of the Asserted Patents. If the FDA approves ANDA No. 220421, Defendants' manufacturing, marketing and sales of their generic version of Braintree's SUTAB® will cause Braintree substantial injury in New Jersey.

16. In addition, Hetero USA Inc. and Hetero Labs Limited have previously submitted to the jurisdiction of this Court and have previously availed themselves of this Court by, for example, asserting counterclaims in other civil actions initiated in this jurisdiction. For example, Hetero USA Inc. and Hetero Labs Limited did not contest jurisdiction in New Jersey and filed

counterclaims in *Esperion Therapeutics, Inc. v. Hetero USA Inc.*, No. 2:24-cv-06389, Dkt. 24 (D.N.J. Aug. 6, 2024); *Celgene Corp. v. Hetero Labs Ltd.*, No. 2:20-cv-14389, Dkt. 7 (D.N.J. Nov. 13, 2020); *Celgene Corp. v. Hetero Labs Ltd.*, No. 2:17-cv-03387, Dkt. 26 (D.N.J. Jul. 13, 2017); *Axsome Malta Ltd. et al. v. Alkem Lab'ys Ltd.*, No 2:23-cv-20354, Dkt. 32 (D.N.J. Nov. 17, 2023); *Otsuka Pharm. Co., Ltd. v. Apotex Corp.*, No. 1:14-cv-08074, Dkt. 97 (D.N.J. Apr. 24, 2015); *Otsuka Pharm. Co., Ltd. v. Torrent Pharm. Ltd.*, No. 1:14-cv-04671, Dkt. 202 (D.N.J. Feb. 2, 2016); *Otsuka Pharm. Co., Ltd. v. Torrent Pharm.*, No. 1:14-cv-01078, Dkt. 38 (D.N.J. Oct. 31, 2014). In addition, Hetero USA Inc. has availed itself of this Court by filing suit in *Symed Labs Ltd. v. Amneal Pharm. LLC*, 2:18-cv-13628 (D.N.J.); *Symed Labs Ltd. v. Amneal Pharm. LLC*, 2:15-cv-08307 (D.N.J.); *Symed Labs Ltd. v. Hikma Pharm. USA Inc.*, 2:15-cv-08304 (D.N.J.); and *Symed Labs Ltd. v. Glenmark Pharm. Inc.*, 2:15-cv-08306 (D.N.J.).

17. In the alternative, this Court may exercise personal jurisdiction over Hetero Labs Limited, Vemagal, and Hetero Labs Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because Braintree's claims arise under Federal law, and Hetero Labs Limited, Vemagal, and Hetero Labs Limited have sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this court's exercise of jurisdiction would satisfy due process.

## BACKGROUND

18. Braintree holds approved New Drug Application ("NDA") No. 213135 for SUTAB®. SUTAB® is a sodium sulfate, magnesium sulfate, and potassium chloride osmotic laxative in tablet form. It was approved by the FDA on November 10, 2020. SUTAB® is indicated for cleansing of the colon in preparation for colonoscopy in adults.

19. Pursuant to 21 U.S.C. § 355 and attendant FDA regulations, the Asserted Patents have been listed in connection with SUTAB® in the FDA's publication, *Approved Drug Products with*

*Therapeutic Equivalence Evaluations,* which is referred to as the "Orange Book."  SUTAB®, its use, and its formulation, are covered by one or more claims of the Asserted Patents.

## THE '656 PATENT

20. Braintree is the lawful owner by assignment of the '656 Patent, entitled "Solid Oral Sulfate Salt Formulations For Cleansing A Colon And Methods Of Using Same," which was duly and legally issued by the U.S. Patent and Trademark Office on December 4, 2018.  A true and correct copy of the '656 Patent is attached hereto as **Exhibit A**.  The claims of the '656 Patent are valid and enforceable.

21. The '656 Patent, *inter alia*, claims solid oral formulations for cleansing a colon.

22. The '656 Patent will expire no earlier than August 4, 2037.

23. Braintree, as the owner of the entire right, title and interest in the '656 Patent, possesses the right to sue for infringement of the '656 Patent.

## THE '498 PATENT

24. Braintree is the lawful owner by assignment of the '498 Patent, entitled "Solid Oral Sulfate Salt Formulations For Cleansing A Colon And Method Of Using Same," which was duly and legally issued by the U.S. Patent and Trademark Office on June 15, 2021.  A true and correct copy of the '498 Patent is attached hereto as **Exhibit B**.  The claims of the '498 Patent are valid and enforceable.

25. The '498 Patent, *inter alia*, claims methods of cleansing the colon.

26. The '498 Patent will expire no earlier than August 4, 2037.

27. Braintree, as the owner of the entire right, title and interest in the '498 Patent, possesses the right to sue for infringement of the '498 Patent.

## THE '864 PATENT

28. Braintree is the lawful owner by assignment of the '864 Patent, entitled "Solid Oral Sulfate Salt Formulations For Cleansing A Colon And Method Of Using Same," which was duly and legally issued by the U.S. Patent and Trademark Office on July 12, 2022. A true and correct copy of the '864 Patent is attached hereto as **Exhibit C**. The claims of the '864 Patent are valid and enforceable.

29. The '864 Patent, *inter alia*, claims methods for cleansing a colon of a subject.

30. The '864 Patent will expire no earlier than August 4, 2037.

31. Braintree, as the owner of the entire right, title and interest in the '864 Patent, possesses the right to sue for infringement of the '864 Patent.

## THE '697 PATENT

32. Braintree is the lawful owner by assignment of the '697 Patent, entitled "Solid Oral Sulfate Salt Formulations For Cleansing A Colon And Methods Of Using Same," which was duly and legally issued by the U.S. Patent and Trademark Office on May 2, 2023. A true and correct copy of the '697 Patent is attached hereto as **Exhibit D**. The claims of the '697 Patent are valid and enforceable.

33. The '697 Patent, *inter alia*, claims solid oral formulations for cleansing a colon.

34. The '697 Patent will expire no earlier than August 4, 2037.

35. Braintree, as the owner of the entire right, title and interest in the '697 Patent, possesses the right to sue for infringement of the '697 Patent.

## INFRINGEMENT BY DEFENDANTS

36. By letter dated June 11, 2025 ("Defendants' Notice Letter"), Hetero USA Inc. notified Plaintiffs Braintree and Sebela US Inc. that, on behalf of itself and Hetero Labs Limited, Vemagal, and Hetero Labs Limited, it had submitted ANDA No. 220421 to the FDA under Section 505(j)

of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval, prior to the expiration of the '656, '498, '864, and '697 Patents, to engage in the commercial manufacture, use, or sale and/or importation of a proposed generic version of the 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride composition currently listed in the Orange Book for SUTAB®.

37. By filing ANDA No. 220421, and upon information and belief, Defendants have represented to the FDA that the components of their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride has the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of SUTAB®. By filing ANDA No. 220421, and upon information and belief, Defendants have represented that their proposed generic version of SUTAB® containing sodium sulfate, magnesium sulfate, and potassium chloride is bioequivalent to SUTAB®.

38. Defendants have committed an act of infringement, pursuant to 35 U.S.C. § 271(e)(2), by filing ANDA No. 220421 under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use and/or sale of their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride before the expiration of the Asserted Patents.

39. Plaintiffs are entitled under 35 U.S.C. § 271(e)(4) to full relief from Defendants' acts of infringement, including an Order by this Court ensuring that the effective date of any approval by the FDA of ANDA No. 220421, relating to Defendants' proposed generic version of SUTAB®, shall not be earlier than the expiration of the exclusivity afforded the Asserted Patents.

40. Plaintiffs filed their Complaint before the expiration of the forty-five day period from the day after Plaintiffs received the Defendants' Notice Letter, which was dated June 11, 2025.

## COUNT I (INFRINGEMENT OF THE '656 PATENT BY DEFENDANTS)

41. Each of the preceding paragraphs 1 through 40 is incorporated as if fully set forth.

42. Defendants' submission of ANDA No. 220421 to obtain approval to engage in the commercial manufacture, use, and/or sale of their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride prior to the expiration of the '656 Patent constitutes infringement of one or more of the claims of the '656 Patent under 35 U.S.C. § 271(e)(2)(A).

43. Specifically, the composition of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the way it is proposed to be made, used and sold as described in Defendants' Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '656 Patent, including at least claim 1. According to Defendants' Notice Letter, and upon information and belief, the components of Defendants' proposed generic version of SUTAB® has the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of SUTAB®.

44. Upon information and belief, Defendants had actual and constructive knowledge of the '656 Patent prior to filing ANDA No. 220421, and were aware that the filing of ANDA No. 220421 with the FDA constituted an act of infringement of the '656 Patent.

45. Upon information and belief, use of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride would infringe one or more claims of the '656 Patent.

46. Upon information and belief, Defendants know that their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride, and the proposed labeling for that product, is especially made or adapted for use in

infringing the '656 Patent, and that the proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the proposed labeling are not suitable for any substantial noninfringing use.  Upon information and belief, Defendants plan and intend to infringe, and will induce and/or contribute to the infringement of, the '656 Patent, immediately and imminently upon FDA approval of ANDA No. 220421.

47.     Upon FDA approval of ANDA No. 220421, Defendants will infringe the '656 Patent by making, using, offering to sell, and selling their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271 (a)-(c), unless enjoined by the Court.

48.     If infringement of the '656 Patent by Defendants is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### COUNT II (INFRINGEMENT OF THE '498 PATENT BY DEFENDANTS)

49.     Each of the preceding paragraphs 1 through 48 is incorporated as if fully set forth.

50.     Defendants' submission of ANDA No. 220421 to obtain approval to engage in the commercial manufacture, use, and/or sale of their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride prior to the expiration of the '498 Patent constitutes infringement of one or more of the claims of the '498 Patent under 35 U.S.C. § 271(e)(2)(A).

51.     Specifically, the composition of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the way it is proposed to be made, used and sold as described in Defendants' Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '498 Patent,

including at least claim 1. According to Defendants' Notice Letter, and upon information and belief, the components of Defendants' proposed generic version of SUTAB® has the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of SUTAB®.

52. Upon information and belief, Defendants had actual and constructive knowledge of the '498 Patent prior to filing ANDA No. 220421, and were aware that the filing of ANDA No. 220421 with the FDA constituted an act of infringement of the '498 Patent.

53. Upon information and belief, use of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride would infringe one or more claims of the '498 Patent.

54. Upon information and belief, Defendants know that their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride, and the proposed labeling for that product, is especially made or adapted for use in infringing the '498 Patent, and that their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the proposed labeling are not suitable for any substantial noninfringing use. Upon information and belief, Defendants plan and intend to infringe, and will induce and/or contribute to the infringement of, the '498 Patent, immediately and imminently upon FDA approval of ANDA No. 220421.

55. Upon FDA approval of ANDA No. 220421, Defendants will infringe the '498 Patent by making, using, offering to sell, and selling their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271 (a)-(c), unless enjoined by the Court.

56. If infringement of the '498 Patent by Defendants is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT III (INFRINGEMENT OF THE '864 PATENT BY DEFENDANTS)

57. Each of the preceding paragraphs 1 through 56 is incorporated as if fully set forth.

58. Defendants' submission of ANDA No. 220421 to obtain approval to engage in the commercial manufacture, use, and/or sale of their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride prior to the expiration of the '864 Patent constitutes infringement of one or more of the claims of the '864 Patent under 35 U.S.C. § 271(e)(2)(A).

59. Specifically, the composition of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the way it is proposed to be made, used and sold as described in Defendants' Notice Letter, will, if marketed and sold, infringe each and every limitation of one or more claims of the '864 Patent, including at least claim 1. According to Defendants' Notice Letter, and upon information and belief, the components of Defendants' proposed generic version of SUTAB® has the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of SUTAB®.

60. Upon information and belief, Defendants had actual and constructive knowledge of the '864 Patent prior to filing ANDA No. 220421, and were aware that the filing of ANDA No. 220421 with the FDA constituted an act of infringement of the '864 Patent.

61. Upon information and belief, use of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride would infringe one or more claims of the '864 Patent.

62. Upon information and belief, Defendants know that their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride, and the proposed labeling for that product, is especially made or adapted for use in infringing the '864 Patent, and that their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the proposed labeling are not suitable for any substantial noninfringing use. Upon information and belief, Defendants plan and intend to infringe, and will induce and/or contribute to the infringement of, the '864 Patent, immediately and imminently upon FDA approval of ANDA No. 220421.

63. Upon FDA approval of ANDA No. 220421, Defendants will infringe the '864 Patent by making, using, offering to sell, and selling their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271 (a)-(c), unless enjoined by the Court.

64. If infringement of the '864 Patent by Defendants is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT IV (INFRINGEMENT OF THE '697 PATENT BY DEFENDANTS)**

65. Each of the preceding paragraphs 1 through 64 is incorporated as if fully set forth.

66. Defendants' submission of ANDA No. 220421 to obtain approval to engage in the commercial manufacture, use, and/or sale of their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride prior to the expiration of the '697 Patent constitutes infringement of one or more of the claims of the '697 Patent under 35 U.S.C. § 271(e)(2)(A).

67. Specifically, the composition of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the way it is proposed to be made, used and sold as described in Defendants' Notice Letter, will, if marketed and sold, infringe each and every limitation of at least claim 1 of the '697 Patent. According to Defendants' Notice Letter, and upon information and belief, the components of Defendants' proposed generic version of SUTAB® has the same active ingredients, the same route of administration, the same dosage form, and the same strengths as the corresponding components of SUTAB®.

68. Upon information and belief, Defendants had actual and constructive knowledge of the '697 Patent prior to filing of ANDA No. 220421, and were aware that the filing of ANDA No. 220421 with the FDA constituted an act of infringement of the '697 Patent.

69. Upon information and belief, use of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride would infringe at least claim 1 of the '697 Patent.

70. Upon information and belief, Defendants know that their proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride, and the proposed labeling for that product, is especially made or adapted for use in infringing the '697 Patent, and that the proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride and the proposed labeling are not suitable for any substantial noninfringing use.  Upon information and belief, Defendants plan and intend to infringe, and will induce and/or contribute to the infringement of, the '697 Patent, immediately and imminently upon FDA approval of ANDA No. 220421.

71. Upon FDA approval of ANDA No. 220421, Defendants will infringe the '697 Patent by making, using, offering to sell, and selling their proposed generic version of SUTAB® containing

1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride in the United States and/or importing such proposed generic drug product into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271 (a)-(c), unless enjoined by the Court.

72. If infringement of the '697 Patent by Defendants is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

1. A judgment that one or more claims of the Asserted Patents are infringed by Defendants' submission of ANDA No. 220421, and that the making, using, offering to sell, or selling in the United States, or importing into the United States, of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride by Defendants will directly infringe, actively induce infringement, and/or contribute to the infringement of the Asserted Patents;

2. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 220421 shall be a date which is not earlier than the expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

3. An order permanently enjoining Defendants, their affiliates, subsidiaries, and each of their officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States, Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride until after the expiration date of the Asserted

Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

4. Damages or other monetary relief to Plaintiffs if Defendants engage in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of Defendants' proposed generic version of SUTAB® containing 1.479 g sodium sulfate, 0.225 g magnesium sulfate, and 0.188 g potassium chloride prior to the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

5. That Plaintiffs be awarded their fees and costs of this litigation; and

6. Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.

Date: July 22, 2025

*s/ Keith J. Miller*
Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER, LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
Telephone: (973) 690-5400
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs
Braintree Laboratories, Inc., and Sebela US Inc.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, this matter in controversy is the subject of, or related to, three other pending litigations in this District, namely *Braintree Laboratories, Inc. et al. v. Lupin Limited et al.*, No. 1:23-cv-2853(CPO)(EAP), *Braintree Laboratories, Inc. et al. v. Appco Pharma LLC, et al.*, No. 1:25-cv-10876 (CPO)(EAP) , and *Braintree Laboratories, Inc. et al. v. Alkem Laboratories Ltd, et al.*, No. 1:25-cv-12118 (CPO)(EAP) and otherwise is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding in any court. I further certify, that to the best of my knowledge, there are no non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court and amended certification if there is a change in the facts stated in this original certification.

I certify under penalty of perjury, that the foregoing is true and correct.

| | |
|---|---|
| Dated: July 22, 2025<br>Newark, NJ | *s/ Keith J. Miller*<br>Keith J. Miller<br>Bradley A. Suiters<br>ROBINSON MILLER LLC<br>Ironside Newark<br>110 Edison Place, Suite 302<br>Newark, NJ 07102<br>Tel: (973) 690-5400<br>kmiller@rwmlegal.com<br>bsuiters@rwmlegal.com |